Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Attorneys for the Plaintiff T.K.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.K.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>████████████████<br><br>　　　　Defendant. | Case No. 23-cv-05441 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION TO PROCEED UNDER PSEUDONYM**

1

Plaintiff T.K., ("Plaintiff" or "T.K.") by and through his attorneys, Daniel Szalkiewicz & Associates, P.C. respectfully submits this memorandum of law in support of her application for leave to proceed under a pseudonym in this matter.

## PRELIMINARY STATEMENT

Plaintiff brings this action due to the sporadic but ongoing harassment being done to her by the defendant, ███████████████████████████████████ ("Defendant"). Shortly after and in retaliation for the parties' short-lived online relationship coming to an end, Defendant began threatening to send and actually sending Plaintiff's intimate images to Plaintiff's family and those who knew her. Plaintiff has pleaded with Defendant to delete the content, indicating that his threats to disseminate her images had made her suicidal; not only did Defendant lie about deleting the images, he further sent them to third parties. Defendant has indicated an intent and ability to further send the content to other members of Plaintiff's family and has shown that he has no interest in curtailing his conduct.

The stigma and severe harm that Plaintiff would face and has already faced as a result of the public disclosure of her identity in conjunction with the traumatic and humiliating circumstances of the harassment caused by Defendant requires that Plaintiff be permitted to proceed anonymously. Simply put, if Plaintiff is required to reveal her name and Defendant is allowed to upload her intimate content onto the docket, Defendant would be able to continue to publicly harass Plaintiff and share her intimate media online. Given the lack of prejudice to Defendant, this Court should grant Plaintiff's motion.

## FACTUAL BACKGROUND

For the sake of brevity, Plaintiff will not repeat the allegations of his Complaint; rather,

2

she provides the following facts relevant to this application, and respectfully directs the Court to her filed Complaint for a full recitation of her claims.

## ARGUMENT

Initially, Plaintiff brings this action under 15 U.S.C. § 6851. The federal statute specifically allows for a plaintiff to proceed anonymously. Specifically, 15 U.S.C. § 6851(b)(3)(B) states "[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym." Subparagraph (A) of the statute permits a court to issue a temporary restraining order to restrict the distribution of intimate media.

Likewise, while Federal Rule of Civil Procedure ("FRCP") 10(a) generally requires parties to a lawsuit to expressly identify themselves in their respective pleadings, New York courts "have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of the parties], which permit plaintiffs to proceed anonymously" (Sealed Plaintiff v Sealed Defendant #1, 537 F3d 185, 189 [2d Cir 2008]). In Sealed Plaintiff, the Second Court of Appeals endorsed the Ninth Circuit's balancing test, specifically stating that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs (1) prejudice to the opposing party and (2) the public's interest in knowing the party's identity." (Id.). The Second Circuit Court of Appeals further elaborated that "several factors" should be considered, including the following "non-exhaustive" list:

> 1. whether the litigation involves matters that are 'highly sensitive and of a personal nature[;]'
> 2. whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties
> 3. whether identification presents other harms and the likely severity

3

>of those harms…including whether 'the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity,'
>4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure… particularly in light of his age…
>5. whether the suit is challenging the actions of the government or that of private parties,
>6. whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court…
>7. whether the plaintiff's identity has thus far been kept confidential…
>8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…
>9. 'whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities,'; and
>10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>(Id. at 190, citations omitted).

There can be no doubt that these factors weigh in favor of allowing Plaintiff to proceed using her initials.

First, Defendant is in possession of an unknown number of videos and images depicting Plaintiff's exposed intimate parts. These images were captured without Plaintiff's permission or consent and are now being shared contrary to her express demand that they not be sent to any third parties and be permanently deleted by Defendant. Plaintiff's face is visible in the photographs which Plaintiff has seen, making her identifiable. More so, Plaintiff's ethnic and cultural background make the images, which highly sensitive and personal in nature, especially damaging. Second, further dissemination of the content – which Defendant has already published without Plaintiff's permission or consent to Plaintiff's cousin's husband and a family friend – and public linking of Plaintiff's name to Defendant's bad acts poses a mental harm to Plaintiff and is needlessly revictimizing. Third, Defendant's goal was to cause Plaintiff maximum humiliation and, should Plaintiff be forced to proceed using her true name, this Court

4

will only be assisting Defendant in reaching that goal. Fourth, while Plaintiff is not underage, her ethnic and cultural background makes Plaintiff especially vulnerable to nonconsensual pornography, and public disclosure of the allegations may jeopardize her relationship with her family. Fifth, the suit is challenging the private actions of Defendant and has no relation to government action. Sixth, Defendant is very aware of Plaintiff's true identity as he has contacted Plaintiff's family members referencing Plaintiff by name and has further asked a young girl he met online whether she was familiar with Plaintiff using her full name. Defendant has additionally sent to Plaintiff contact information for various members of Plaintiff's family, demonstrating his ability to ruin her life by further disseminating her intimate content to those people. Seventh, to date, Plaintiff's identity has been confidential. Any public filing made by T.K. has used a pseudonym. Plaintiff has not made any public statements regarding the embarrassment and harm caused by Defendant. Plaintiff's name is not known to the public at large and she leads a private life. Eighth, as both parties are private individuals, there is little public interest in the litigation. Ninth, the issues involved, while salacious, are legal in nature. Tenth, Plaintiff is not aware of any other mechanism to protect her reputation and confidentiality.

 Plaintiff should be permitted to continue to use a pseudonym and, if one is granted, should be allowed to litigate with some comfort that Defendant will not post her intimate images onto the docket to undermine an order permitting her to proceed using a pseudonym.

Dated: July 18, 2023

                Respectfully submitted,

                <u>Daniel S. Szalkiewicz, Esq.</u>

5