UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
T.K.,

                       Plaintiff,

  -against-

███████████████████

                       Defendant.
-------------------------------------------------------------X

**ORDER**
**23 CV 5441 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff brought this action under a pseudonym and moved for leave to proceed anonymously on July 18, 2023. ECF Nos. 1, 2. The Court provisionally granted plaintiff's motion, directed plaintiff to serve defendant with the summons and complaint, and ordered defendant to respond to plaintiff's motion to proceed anonymously along with his response to the complaint. See ECF Order dated July 25, 2023. Defendant answered the complaint and does not object to plaintiff proceeding anonymously. ECF Nos. 11, 12. For the reasons set forth below, plaintiff's motion to proceed anonymously is granted.

## BACKGROUND

Plaintiff T.K. is a resident of Louisiana, and defendant Kayvon Nossrati is a resident of New York. Complaint, ECF No. 1 ¶ 13-14. Plaintiff alleges that she met defendant on an online chat website while visiting New York in December 2021. Id. ¶ 1-2. Plaintiff continued to communicate with defendant after she returned home, and their conversations eventually became sexual. Id. ¶ 5. Plaintiff and defendant communicated via FaceTime, and plaintiff removed some or all of her clothing during several of their video calls. Id.; Plaintiff's Declaration, ECF No. 2-2 ¶ 5.

Defendant took screenshots of plaintiff during these calls without her knowledge. ECF No. 1. ¶ 35. When plaintiff attempted to cut ties with defendant, he sent her the intimate screenshots he had taken and threatened to send them to her family members. Id. ¶ 6. After plaintiff told defendant that his threats made her suicidal, defendant agreed to delete the intimate images and sent plaintiff a screen recording of him doing so. Id. ¶ 8. However, a year later, defendant sent one of the intimate images to plaintiff's cousin's fiancé, and five months after that, to a teenage girl on an online chat website. Id. ¶ 9-10. The teenage girl was a friend of plaintiff's family. ECF No. 2-2 ¶ 18. Plaintiff is clearly identifiable in the images, and defendant informed both third parties that plaintiff was the individual depicted. ECF No. 1 ¶ 50. Plaintiff alleges that defendant sent these images "for the sole purpose of harming [plaintiff's] standing in the Palestinian community and interfering with her relationship with her family and husband." Id. ¶ 71.

Plaintiff alleges defendant violated her rights under 15 U.S.C. § 6851, a federal privacy law regarding disclosure of intimate images, as well as under New York's nonconsensual pornography statutes. Id. ¶ 12. Plaintiff also alleges intentional infliction of emotional distress. Id. Plaintiff seeks monetary damages and an injunction permanently restraining defendant from disseminating plaintiff's intimate images. Id. at 12-13.

Plaintiff seeks to proceed anonymously to protect herself from further "stigma and severe harm," ECF No. 2-3 at 2, and to "hold onto some parts of [her] private life without inextricably and publicly linking [her] name to Defendant's heinous acts." ECF No. 2-2 ¶ 34. Plaintiff asserts that if her name is disclosed, defendant will send her intimate photos "to other Palestinians in Louisiana and throughout the country and perhaps even attempt to upload the intimate content

onto the docket." Id. ¶ 4. Defendant does not oppose plaintiff's motion to proceed anonymously. ECF No. 12.

## DISCUSSION

The Federal Rules of Civil Procedure require that pleadings name all the parties. Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule." United States v. Pilcher, 950 F.3d 39, 45 (2d Cir. 2020); see also Rapp v. Fowler, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2011) ("Federal court proceedings and records presumptively are public absent a showing of exceptional circumstances.").

To determine whether a plaintiff should be allowed to proceed anonymously, courts must balance the plaintiff's "interest in anonymity" against "both (a) the public interest in disclosure and (b) the potential prejudice to defendants." Sealed Plaintiff, 537 F.3d at 186-187. The Second Circuit has set forth a non-exhaustive list of ten factors relevant to this determination:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 189-190 (quotation marks and citations omitted). "District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally embedded presumption of openness in judicial proceedings.'" Rapp, 537 F. Supp. 3d 521 at 526-27 (quoting Sealed Plaintiff, 537 F.3d at 189). Courts need not consider all ten factors or "use any particular formation," as long as the Court "balance[s] the interests at stake in reaching its conclusion." Sealed Plaintiff, 537 F.3d at 191 n.4.

The factors here weigh in favor of allowing plaintiff to proceed anonymously. This action alleges defendant captured images of plaintiff's "exposed intimate parts" without her knowledge and disseminated the images to members of her community without her consent. ECF No. 2-3 at 4. Plaintiff's identity has thus far been kept confidential. Id. at 5. Plaintiff brings this action pursuant to Section 1309 of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851, in which Congress explicitly authorized the "preservation of anonymity" for plaintiffs alleging nonconsensual disclosure of intimate images. 15 U.S.C. § 6851(3)(B). Specifically, the Court is authorized to "grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" when ordering relief under the statute, including damages or injunctive relief. Id. The statute does not expressly permit a plaintiff to file a complaint using a pseudonym; however, as plaintiff seeks a permanent injunction restraining defendant from disseminating her intimate images, permitting her to proceed anonymously at this juncture "preserves [her] right to the relief that [she] may be afforded pursuant to [15 U.S.C. § 6851]." S.S. v. Collins, 23-CV-892 (D.N.J. June 22, 2023), ECF No. 6. Moreover, defendant consents to plaintiff's request to proceed anonymously and has not identified any prejudice it would suffer by allowing plaintiff to do so. See Doe v. Black, No. 23-CV-6418, 2023 WL 5334642, at *2

(S.D.N.Y. Aug. 18, 2023) (according "substantial weight to the fact that Defendant does not oppose Plaintiff's request for anonymity" in granting plaintiff's motion to proceed anonymously). As such, the Court finds that plaintiff's privacy interests outweigh the public's interest in disclosure of her name.

## CONCLUSION

Plaintiff's motion to proceed anonymously is granted. Any reference to plaintiff on the docket shall be made using plaintiff's initials, and any documents containing references to plaintiff's full name shall be redacted.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: September 28, 2023
       Brooklyn, New York

5