

200 Old Country Road, Suite 2 South, Mineola, NY 11501/Tel: (516) 741-3222/Fax: (516) 741-3223

April 3, 2024

Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
VIA ECF

        Re: T.K. v. ▮
        Case No.: 23 cv 5441(ARR)(LB)

Dear Judge Bloom:

    I am attorney of record for defendant in the above matter. This letter serves to request a pre-motion conference regarding the parties' request to have the entire docket sealed. As the parties previously advised the Court, they have reached a settlement agreement. The parties have agreed upon the language and defendant has already executed it. Yesterday, I transmitted it to plaintiff's counsel to have plaintiff execute it.
The Court has given the parties until April 14, 2024, to file a stipulation of discontinuance.

    As part of their settlement, the parties agreed that it was in their mutual interest to have the entire docket sealed once the settlement was fully executed and the matter discontinued. Defendant now make this consent application for sealing.

    A court's consideration of a request to seal docket materials in a civil matter is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir 2006) which requires a court to (i) determine whether the documents at issue are "judicial documents"; (ii) determine the weight of the presumption of public access; and (iii) "balance competing considerations against" that presumption. *Id.* at 119-120 (internal quotation marks omitted).

    Applying the factors set forth above weighs in favor of granting the motion to seal. As to the first part, since the entire docket is sought to be sealed, they documents at issue qualify as "judicial documents." The parties recognize that there is both a common law right to access and a qualified First Amendment right to access certain judicial documents. *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 91 (2d Cir. 2004). A court's conclusion that even a First Amendment right of access to certain judicial documents exists, however, does not end the inquiry. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re New York Times*, 828 F.2d 110 (2d Cir. 1987). Here, the court can make those findings by examining the nature of the allegations in the complaint and by the fact that plaintiff was allowed to proceed anonymously (as permitted by the statute plaintiff sued under). Therefore, in this type of action, one party's privacy interests are protected almost automatically by operation of law over and above the public's normal right to know her identity.

    This last point also weighs in favor of sealing as to the second factor: "the weight of the presumption of public access." The legislature in enacting the relevant statute, 15 USC 6851, saw that a plaintiff pursuing these claims would want to proceed anonymously. Here, plaintiff made that application, defendant consented, and the Court has allowed plaintiff to proceed using a pseudonym. Also, the parties have entered into a confidentiality and protective order regarding discovery in this case. While courts have previously held that a confidentiality agreement as to documents does not end the analysis on sealing, those courts were dealing with confidentiality documents that had limitations including statements that the order would not protect the documents form disclosure based on application for access by the press. *See Lugosch, supra* 435 F.3d at 127 *citing SEC v. TheStreet.com*, 273 F.2d 222 (2d Cir. 2001); *Diversified Group v. Daugerdas*, 217 F.R.D 152 (SDNY 2003).

The parties' confidentiality agreement in this case contains no such language. In fact, the agreement contains only two provisions limiting its application:

> 14. *Nothing herein shall be construed to preclude or limit the presence of any individual at any hearings in the trial of this action.*
>
> 15. *Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.*

Here, therefore, there are several factors weighing against the presumption of public access making the second factor weigh towards sealing.

As to the third factor – balancing competing interests – normally a court deciding a motion to seal all or part of a docket is dealing with parties with adverse and competing interests: one party wants to protect the documents, the other does not; or the press wants access to documents that one or more parties want to keep confidential. In this case, all the parties want the docket sealed due to the highly sensitive nature of the allegations. Like plaintiff, defendant is a young adult just starting his career as an engineer. He has a unique and identifiable name. A Google search of his name pulls up only items referring to this action. Even though the matter was resolved without any admission of guilt, the settlement agreement between the parties will not be online, but the allegations of the complaint will still be findable by anyone conducting an internet search for his name as will the docket entry that the matter was resolved. Therefore, third parties may assume that the settlement constituted an admission of guilt. Furthermore, since - as plaintiff's complaint states at paragraph 56 – these allegations involve conduct within a tight knit community, entirely sealing the docket protects plaintiff from anyone ascertaining her identity if rumors of this matter have circulated within that tight-knit community as plaintiff fears. No news media have followed the filing of this complaint and no news media have contacted any of the parties about a story about the case. This is a civil action between two private individuals who both want the matter sealed to protect their privacy, dignity, and future.

It is therefore respectfully requested that the Court either schedule a motion conference or treat this letter as a consent motion and grant the relief requested when the matter is discontinued.

Thank you for your attention in this matter.

Sincerely,

s/Oscar Michelen

OSCAR MICHELEN

OM:sjk