AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

T.K.

_Plaintiff(s)_

v.

KAYVON NOSSRATI a/k/a KAYVON NAZARI,

_Defendant(s)_

Civil Action No. 23-cv-5441

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ KAYVON NOSSRATI a/k/a KAYVON NAZARI
28-40 208th Street
Bayside, New York 11360

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel Szalkiewicz
Daniel Szalkiewicz & Associates, P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

BRENNA B. MAHONEY
_CLERK OF COURT_

Date: 7/24/2023

_Roseann Guzzi_
_Signature of Clerk or Deputy Clerk_

.0 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| Print | Save As... | | Reset |

Daniel S. Szalkiewicz, Esq. (DS2323)
Cali P. Madia, Esq.
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff T.K.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.K.<br><br>    Plaintiff,<br><br>v.<br><br>KAYVON NOSSRATI a/k/a KAYVON NAZARI,<br><br>    Defendant. | COMPLAINT<br><br>Civil Action No. 23-cv-5441 |

Plaintiff T.K. ("Plaintiff" or "T.K."), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

PRELIMINARY STATEMENT

1. Plaintiff is a user of Omegle, a chat-based service which matches individuals with similar interests in text or video-based chats. The goal of Omegle is to connect like-minded people around the world.

2. In December of 2021, Plaintiff was visiting New York with friends and family when she and others in her hotel room connected with Defendant KAYVON NOSSRATI a/k/a KAYVON NAZARI ("Kayvon" or "Defendant").

1

3. Though from vastly different areas of the country, they connected over their shared ethnic, and cultural background. Defendant provided Plaintiff and her friends with places of interest they may wish to visit while in New York.

4. When Plaintiff returned home, she and Defendant continued to communicate about Palestinian culture, but also about their personal lives.

5. Eventually, though the parties had never met, their conversations became sexual and Plaintiff agreed to and actually did remove her clothing and underwear during several of their FaceTime sessions.

6. Before long, Plaintiff became uncomfortable with Defendant, who was beginning to display a penchant for intolerance, cruelty, and abuse. But when Plaintiff attempted to cut ties with Defendant, he sent her screenshots he had captured which showed Plaintiff naked and threatened to send them to Plaintiff's parents and other members of her family.

7. Livid that Plaintiff no longer wished to communicate with him, Defendant told Plaintiff that all he wanted to do was "f*ck" her, said that "god doesn't love [her]" and told her she was a "hoe." Defendant sent the images and demanded that she "Pick up" the phone.

8. Defendant's threats made Plaintiff suicidal and, recognizing this, Defendant agreed to delete the images, sending Plaintiff a screen recording of him doing so.

9. For approximately one year, Plaintiff believed Defendant was out of her life for good when she received a text from her cousin that a man in New York was sending her fiancé naked pictures of Plaintiff.

10. Five months later, Defendant matched on Omegle with a teenage girl from Plaintiff's hometown, confirmed that the girl knew Plaintiff, and then shared Plaintiff's intimate images with her as well.

11. Plaintiff has made it known to Defendant that she does not consent to the dissemination of her images and that his mere threat to disseminate them jeopardized her mental health severely. Despite this, Defendant has engaged in a course of conduct designed to cause her intense distress.

12. Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of federal privacy laws, 15 U.S.C. § 6851, [c]ivil action relating to disclosure of intimate images, related New York nonconsensual pornography statutes, and intentional infliction of emotional distress.

## THE PARTIES

13. Plaintiff T.K. is a resident of East Baton Rouge Parish, State of Louisiana.

14. Defendant Kayvon Nossrati a/k/a Kayvon Nazar ("Nossrati" or "Defendant") is a resident of the County of Queens, State of New York. Defendant Nazari's last known address is 28-40 208th Street, Bayside, New York 11360.

## JURISDICTION AND VENUE

15. This action is brought pursuant to 28 U.S.C. § 1332(a)(1) based upon Diversity of Citizenship because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and it is between a citizen of New York and a citizen or subject of a different state.

16. This action is also brought pursuant to 28 U.S.C. § 1331, federal question, pursuant to 15 U.S.C. § 6851.

17. Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Eastern District of New York is the Judicial District in which Defendant is domiciled.

## FACTUAL ALLEGATIONS

### The Parties Match and Communicate

18. The parties first met by way of the networking site, Omegle. Omegle is a chat-based service which matches individuals with similar interests in text or video-based chats. The goal of Omegle is to connect like-minded people around the world.

19. Though Plaintiff resided and resides in Louisiana and Defendant resided and resides in New York, the parties were likely matched due to their shared interest in Palestinian culture.

20. At the time the parties were matched, Plaintiff was vacationing in New York with friends and family.

21. As Defendant indicated he lived just a couple counties away, the group used the opportunity ask Defendant about places to visit in New York while they were in town.

22. While many members of the group spoke with Defendant while they were in New York, neither Plaintiff nor anyone else in the group met Defendant in person.

23. When Plaintiff returned to Louisiana, she and Defendant continued to speak online. Plaintiff found it easy to confide in a stranger who lived so far away and, before long, was revealing intimate details about her private life.

24. Recognizing Plaintiff was experiencing difficulties in her marriage, Defendant seized upon her distress and exploited it, insisting that her marriage was abusive.

25. Eventually, Plaintiff began to believe him.

26. The parties' conversations grew sexual and, before long, Plaintiff agreed to remove items of her clothing while they were FaceTiming.

27. But little by little, Defendant began to reveal parts of himself that scared Plaintiff.

28. Defendant would frequently state his disdain for Black people, for instance, and would attempt to induce Plaintiff to join him in using racial slurs. Defendant would grow frustrated and upset when Plaintiff took a position opposite to his and refused to engage in similar language.

29. When the parties would get into such disagreements, Defendant was quick to remind Plaintiff of what he was "capable of" and would provide her with examples of retaliatory actions he had taken against others who displeased him.

30. Defendant claimed, for instance, that he had previously placed one such individual's address onto a gay dating website and posted that he was hosting a party in order to harass that person by way of unsuspecting strangers showing up at the person's door.

### Plaintiff Attempts to Distance Herself

31. On or about February 6, 2022, realizing she was in over her head, Plaintiff attempted to distance herself from Defendant.

32. Defendant did not take kindly to Plaintiff's request for space.

33. Defendant wrote to Plaintiff "God doesn't love you" sent two intimate images of Plaintiff: one in which her hands were covering her exposed breasts and another which displayed her naked buttocks. Below the images, Defendant wrote: "Look at this" and demanded that Plaintiff "Pick up" his phone call.

5

34. Defendant demonstrated that he possessed his parents' address and a phone number and business address, implicitly threatening that he would send the images if Plaintiff did not do as he said.



35. Plaintiff, who had no idea he had been screenshotting their FaceTime, was devastated. If Defendant followed through on his threats, she was certain her conservative family would disown her and her husband would surely file for divorce.

36. Plaintiff pleaded with Defendant to delete the content, telling him that he was going to drive her to kill herself.

37. Eventually, Defendant sent Plaintiff a screen recording of him deleting the content.

6

38. The parties stopped speaking and, for a period of approximately one year, Plaintiff regarded their encounter as a very scary lesson which she would never repeat. She and her husband worked on their marriage, and, for a time, things felt normal.

**Defendant Resumes His Harassment**

39. On January 14, 2023, Defendant thrust himself into Plaintiff's life once again when he text messaged her cousin's fiancé about not getting invited to his wedding, which was scheduled to occur in Louisiana the following day.

40. During the course of their conversation, Defendant indicated that he knew Plaintiff, sending Plaintiff's cousin's fiancé intimate images of her in which her breasts were exposed.

41. Upon learning what Defendant had done, Plaintiff text messaged him stating that his actions were illegal and threatening legal action.

42. Defendant blocked her without responding.

43. Plaintiff was hopeful that she could finally put her momentary lapse in judgment behind her but, unfortunately, Defendant's harassment was not over quite yet.

44. Unbeknownst to Plaintiff, on or about May 13, 2023, Defendant matched with a 16- or 17-year-old girl in Baton Rouge, Louisiana. Hearing her hometown, Defendant inquired if she knew Plaintiff. When the young girl answered in the affirmative, Defendant falsely claimed that he had once visited Plaintiff in Louisiana and that the two had been intimate.

45. Defendant again sent Plaintiff's naked images; some showed Plaintiff in her bra and underwear while others showed her breasts alone.

46. In shock, the young girl attempted to take screenshots of the content she was being shown. Defendant threatened that he would cut off communication if she continued doing so.

47. The young girl, who was successful in screenshotting a single intimate image she was shown, then alerted Plaintiff's husband's family of what Defendant had sent her.

48. Notably, the images Defendant used to threaten Plaintiff are not the same as the ones he sent to the young girl.

49. The single screenshot the young girl was able to capture shows Plaintiff's bare breasts.

50. In the images shared by Defendant with Plaintiff's cousin's then-fiancé, now husband as well as the young girl, Plaintiff is clearly identifiable both because her face is visible and present in the photo and because Defendant informed both third parties that the individual depicted was Plaintiff.

**Emotional Toll on Plaintiff**

51. Defendant's harassment has had a devastating impact on Plaintiff, who has considered taking her own life on numerous occasions due to Defendant's conduct and fear of the looming repercussions.

52. Plaintiff has experienced countless sleepless nights tormented by Defendant's actions and those he may take in the future. During the day, Plaintiff can randomly become overwhelmed by this fear and has begun experiencing sporadic panic attacks.

53. Plaintiff is unable to avoid or control these panic attacks, which start with a sudden onset of anxiety and progress into debilitating physical symptoms.

54. Plaintiff has further become consumed with the possibility that Defendant has already shared her intimate images with other third parties who have chosen to remain quiet about what they have seen rather than have the difficult conversation with Plaintiff.

55. Additionally, because Defendant showed the images to a young girl associated with Plaintiff's husband's family, Plaintiff's in-laws have now seen Plaintiff in a state of undress and are aware of Plaintiff's online indiscretion. As a result, Plaintiff's relationship with her in-laws has suffered.

56. Finally, as Plaintiff lives in a sizeable but tightknit Palestinian community in Baton Rouge, Louisiana, Plaintiff fears but is unable to avoid the fact that Defendant's outreach to the young Palestinian girl will inevitably make its way back to Plaintiff's family.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video One)

57. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

58. Defendant disclosed the images by text message and Omegle using his cell phone/computer.

59. Defendant did not obtain Plaintiff's consent to disclose the images and videos.

60. Defendant knew that Plaintiff did not consent to the disclosure of the content online and, in fact, misrepresented to Plaintiff that he had deleted the content he had captured.

61. As a result of Defendant's conduct, Plaintiff has been damaged.

62. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this

matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### SECOND CAUSE OF ACTION
(Violation of Civil Rights Law §52-b)

63. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

64. Plaintiff had a reasonable expectation that the content, when captured, would remain private.

65. The content disclosed by Defendant contained the exposed intimate parts of Plaintiff and/or Plaintiff engaging in sexual conduct.

66. Defendant disseminated and published Plaintiff's intimate content without Plaintiff's permission or consent.

67. The content was shared for the purpose of harassing, annoying, or alarming Plaintiff and in retaliation for her refusing to further communicate with him.

68. As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

69. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

70. Defendant has engaged in the intentional, extreme, and outrageous conduct of capturing images of Plaintiff's intimate parts without her knowledge or consent; threatening Plaintiff using those images; and then following through on that threat by disseminating Plaintiff's intimate images to third parties known by Plaintiff.

71. Defendant has intentionally aimed his harassment at individuals who know Plaintiff for the sole purpose of harming her standing in the Palestinian community and interfering with her relationship with her family and husband.

72. Defendant did all of this knowing that his decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being due to prior conversations in which Plaintiff had indicated that his threat to disseminate her images had made her suicidal.

73. Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

74. Defendant's sole purpose in sharing the images was to harass and/or embarrass Plaintiff and cause her harm.

75. Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

76. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

77. Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that his actions would cause severe emotional distress.

78. Here, the acts of Defendant were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

79. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A. An award of damages against Defendant in an amount to be determined at trial, but not less than $150,000.00 per intimate image and video shared, plus prejudgment interest, to

compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

  B. An injunction and order permanently restraining Defendant from disseminating Plaintiff's intimate images and videos without her permission or consent;

  C. An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

  D. Prejudgment interest on all amounts due;

  E. An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

  F. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   July 18, 2023

              Respectfully submitted,

              **Daniel Szalkiewicz & Associates, P.C.**

              */s/ Daniel Szalkiewicz*
              By: Daniel S. Szalkiewicz, Esq.
                 Cali P. Madia, Esq.
              23 West 73rd Street, Suite 102
              New York, NY 10023
              Telephone: (212) 706-1007
              Facsimile: (646) 849-0033
              daniel@lawdss.com

              *Attorneys for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| T. K. | KAYVON NOSSRATI a/k/a KAYVON NAZARI |
| (b) County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* Daniel Szalkiewicz & Associates, P.C., 23 West 73rd Street, Suite 102, | Attorneys *(If Known)* |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes [ ] No [x]

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | PROPERTY RIGHTS | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / PERSONAL PROPERTY / 370 Other Fraud | LABOR | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 380 Other Personal Property Damage | 720 Labor/Management Relations | | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | [x] 360 Other Personal Injury | 740 Railway Labor Act | SOCIAL SECURITY | 490 Cable/Sat TV |
| 196 Franchise | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| | 362 Personal Injury - Medical Malpractice | 790 Other Labor Litigation | 862 Black Lung (923) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | 791 Employee Retirement Income Security Act | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / Habeas Corpus: | | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | IMMIGRATION | 871 IRS—Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 6851
Brief description of cause:
Sharing of intimate images and videos without consent

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE: 7/18/23
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Daniel Szalkiewicz, counsel for T. K., do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☑ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 1(c)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No
(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
☑ Yes ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
☐ Yes (If yes, please explain) ☑ No

I certify the accuracy of all information provided above.

Signature: _____

Last Modified: 11/27/2017