UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| T.K.<br><br>                Plaintiff,<br><br>        v.<br><br>KN<br><br>                Defendant. | Case No. 23 cv 5441<br><br>AFFIRMATION |

**OSCAR MICHELEN**, an attorney admitted to practice in the Eastern District of New York affirms he truth of the following upon information and belief based upon the files maintained in my office.

I am a member of Cuomo LLC, attorneys of record for the defendant and as such am fully familiar with the facts and circumstances surrounding this application.

1. This affirmation is submitted in support of defendant's motion to seal the docket and for other related relief.

2. Defendant previously moved on May 19, 2024, for an Order sealing the docket. See docket entry 19. On June 26, 2024, the Court granted the motion to the extent of allowing defendant to proceed anonymously through the use of initials. A copy of the Order is attached as exhibit "A."

3. The order directed the Clerk of the Court to amend the caption as set forth above and to redact defendant's name to only his initials from the text of the docket entries in this action and from the Court's September 13, 2023, Order at ECF No. 13. See exhibit "A."

4.   The Court also directed the parties to redact defendant's name from their filings wherever his name appears, and once the redacted documents were by the Court the order further directed the Clerk of Court to seal the original filings containing defendant's name and to publicly file the redacted versions. See Exhibit "A."

5.   In denying the defendant's request for a full sealing of the docket, the Court stated the above provisions of "[d]efendant's anonymity accomplishes the parties' goal of ensuring that the "docket and complaint cannot be located by friends, families, and employers." See Exhibit "A" at pg. 10.

6.   Unfortunately, that has not been the case. An internet search of defendant's name still pulls up three very popular court monitoring sites – Justia.com, PacerMonitor.com, and CourtListener.com – that reveal defendant's full name. A copy of the internet search (with defendant's full name redacted) is attached as Exhibit "B."

7.   Defendant, an engineer, has applied for new employment, gained interviews, and then been denied jobs he was qualified for at the last stage of the hiring process. While defendant cannot prove that an internet search under his name was the reason for him not getting the positions, he was otherwise qualified, provided references, and cannot surmise any other reason for him not being hired.

8.   Defendant's request to file an affidavit in support of his previous motion to proceed anonymously was denied by the Court as unnecessary. See Exhibit "A" at pg. 10 fn. 5.

9.   The parties have settled this matter relatively quickly and the initial monetary payments have already been made in accordance with their agreement. This was a matter between two adults who are not public figures and the complaint contains no class action component. The public interest in the litigation is therefore minimal.

10. As the Court found in its previous order, "the chance [defendant] would suffer reputational harm is significant." See Exhibit "A" at pg. 9 citing *Doe v. Doe*, No. 20-CV-5329, 2020 WL 6900002, at *3 (E.D.N.Y. Nov. 24, 2020) (granting defendant leave to proceed anonymously due to, inter alia, risk of reputational harm where defendant was "accused of meeting plaintiff through a website that caters to potential 'sugar dadd[ies],'" paying plaintiff for sex, transmitting sexually transmitted diseases to her, and sexually assaulting her).

11. As shown by the search results attached as Exhibit "B" the use of initials was not in fact enough to prevent the parties from suffering reputational harm

12. I have reached out to the respective sites to ask them to stop monitoring the case and/or take down the links that produce the full name of my client, but have not gotten a response.

13. I have contacted plaintiff's attorney, Daniel Szalkiewicz and he advised me that he and his client take no position this motion.

14. It is respectfully requested that the motion be in all respects granted , along with such other and further relief as the Court deems just and proper.

Dated: October 1, 2024                                              s/Oscar Michelen

                                                                                                   OSCAR MICHELEN