UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
T.K.,

                  Plaintiff,

  -against-

K.N.,

                  Defendant.
------------------------------------------------------------X

**ORDER**
**23 CV 5441 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

      Plaintiff brought this action pursuant to 15 U.S.C. § 6851, a federal privacy law regarding disclosure of intimate images, as well as New York's nonconsensual pornography statute, N.Y. C.L.S. Civ. R. § 52-b. Plaintiff alleged that defendant captured intimate images of her without her consent and distributed them to individuals in plaintiff's community. The Court granted plaintiff leave to proceed anonymously, and the parties quickly reached a settlement in Court-annexed mediation. The parties have filed a stipulation discontinuing this matter and the case is closed. However, with plaintiff's consent, defendant seeks an Order "sealing the docket and complaint in this action and/or [an Order] allowing defendant to proceed anonymously." ECF No. 21 at 4. For the reasons set forth below, the motion to seal is denied, but defendant's motion to proceed anonymously is granted.

## BACKGROUND AND PROCEDURAL HISTORY

      Plaintiff, a Louisiana resident, alleged that she met defendant, a New York resident, on an online chat website while visiting New York in December 2021. ECF No. 1 ¶¶ 1-2, 13-14. Plaintiff continued to communicate with defendant after she returned home, and their conversations became sexual. Id. ¶ 5. Plaintiff and defendant communicated via FaceTime, and plaintiff removed her clothing during several of their video calls. Id.; ECF No. 2-2 ¶ 5.

Defendant took screenshots of plaintiff during these calls without her knowledge. ECF No. 1 ¶ 35. When plaintiff attempted to cut ties with defendant, he sent her the intimate screenshots he had taken and threatened to send them to her family members. Id. ¶ 6. After plaintiff told defendant that his threats made her suicidal, defendant agreed to delete the intimate images and sent plaintiff a screen recording of him doing so. Id. ¶ 8. However, a year later, defendant sent one of the intimate images to plaintiff's cousin's fiancé, and five months after that, to a teenage girl on an online chat website. Id. ¶ 9-10. The teenage girl was a friend of plaintiff's family. ECF No. 2-2 ¶ 18. Plaintiff is clearly identifiable in the images, and defendant informed both third parties that plaintiff was the individual depicted. ECF No. 1 ¶ 50. Plaintiff alleged that defendant sent these images "for the sole purpose of harming [plaintiff's] standing in the Palestinian community and interfering with her relationship with her family and husband." Id. ¶ 71.

Plaintiff brought this action under a pseudonym and moved for leave to proceed anonymously on July 18, 2023. ECF Nos. 1, 2. The Court provisionally granted plaintiff's request, directed plaintiff to serve defendant with the summons and complaint, and ordered defendant to respond to plaintiff's motion to proceed anonymously as well as to the complaint. See ECF Order dated July 25, 2023. Defendant answered the complaint and did not object to plaintiff proceeding anonymously. ECF Nos. 11, 12. The Court granted plaintiff's motion to proceed anonymously on September 28, 2023. ECF No. 13. The Court held the initial conference in October 2023 and referred the case to Court-annexed mediation. See ECF Order dated October 19, 2023. On April 1, 2024, the parties reported reaching a settlement in principle. ECF No. 16. The Court directed the parties to file a stipulation discontinuing this matter by April 12, 2024.

On April 4, 2024, the parties moved to seal the entire docket upon filing the stipulation of discontinuance. ECF No. 17. The Court denied the request and directed the parties to move for

more narrowly tailored relief, such as moving to seal the complaint for parties' eyes only, by April 30, 2024.[1] See ECF Order dated April 16, 2024.

On May 2, 2024, the parties moved to have the "entire docket marked 'for parties' eyes only' and to amend the caption to only show the initials of the defendant." ECF No. 18. The Court denied the request because it again sought to seal the entire docket. Moreover, the parties' two-page letter did not provide a factual or legal basis for the requested relief, nor did it address the Second Circuit's standards for sealing or permitting a party to proceed anonymously. In the Order denying relief, the parties were directed that any new motion must be filed by June 3, 2024 and must set forth a basis for such relief consistent with this Circuit's precedent.[2]

The parties filed the instant motion on May 22, 2024. ECF No. 19. Defendant also moves to file an affidavit in support of the instant motion under seal. ECF No. 21 at 4. The parties filed the stipulation discontinuing this action on June 7, 2024. ECF No. 22. The Court so-ordered the stipulation on June 10, 2024 and the case was closed.

## DISCUSSION

### I. Legal standard

The public has a right to access judicial documents under both the common law and the First Amendment. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). This presumption of public access to judicial documents is "based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." Id. at 119 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).

---

[1] When the parties did not file the stipulation of discontinuance by the April 12, 2024 deadline, the Court ordered the parties to file the stipulation by April 30, 2024.
[2] As the parties had again not filed the stipulation of discontinuance, the Court directed them to do so by this date.

3

Courts employ a three-step analysis in reviewing a request to seal a document under the common law presumption of access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020) (citing Lugosh, 435 F. 3d at 119-20). The Court first determines whether the document sought to be sealed "is a judicial document . . . to which the presumption of public access attaches," and if it is, the Court must "determine the weight of the presumption of access to that document." Id. (internal quotation marks omitted). The Court must then "identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." Id. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997).

The Second Circuit has articulated two approaches for determining whether the public also has a First Amendment right to access a judicial document: (1) the "experience and logic" approach, which looks to whether the documents "have historically been open to the press and general public" and whether "public access plays a significant positive role in the functioning of the particular process in question"; and (2) "the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings." Lugosch, 435 F.3d 110 at 120 (internal quotations and citations omitted). If the Court finds that the public has a qualified First Amendment right to access a judicial document, it may seal the document if it makes "specific, on the record findings . . . that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Id. (citing In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

4

## II. Sealing

This is the parties' third sealing request. The parties' first two motions sought to seal the entire docket. The Court denied both requests because sealing an entire case is a drastic measure reached only as a "last resort," such as "when sealing is 'required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives[.]'" Doe v. Berg, No. 15-CV-9787, 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) (quoting In re Platinum & Palladium Commodities Litig., 828 F. Supp. 2d 602, 603-04 (S.D.N.Y. 2011) and Century Indem. Co. v. Equitas Ins. Ltd., No. 11-CV-1034, 2011 WL 4526672, at *2 (S.D.N.Y. Sept. 27, 2011)). As sealing a docket triggers First Amendment scrutiny, the Court must make "specific, rigorous findings that sealing the entire case is 'necessary to preserve higher values' and 'narrowly tailored' to protect this interest." Next Caller Inc. v. Martire, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (quoting Newsday LLC v. County of Nassau, 730 F.3d 156, 165 (2d Cir. 2013)). While the parties raised compelling privacy concerns,[3] they presented neither extraordinary circumstances nor the absence of narrower alternatives.

In denying the parties' first two requests, the Court noted that the parties failed to clearly state the relief sought. The instant motion suffers from the same lack of clarity. While the notice of motion seeks an Order sealing the complaint, ECF No. 19, the memorandum of law seeks an Order "sealing the docket and complaint in this action and/or allowing defendant to proceed anonymously." ECF No. 21 at 4. The parties oscillate, with no discernable logic, between requesting sealing the complaint and sealing the entire docket. Compare "Point I," ECF No. 21 at 4-5 (arguing that the Lugosch factors warrant sealing the complaint) with "Point II," id. at 7

---

[3] Specifically, the parties allege that "defendant is a young adult just starting his career as an engineer," and a Google search of his "unique and identifiable name" "pulls up only items referring to this action." ECF No. 17 at 2. Moreover, although plaintiff has proceeded anonymously, ECF No. 13, the parties assert that "entirely sealing the docket protects plaintiff from anyone ascertaining her identity if rumors of this matter have circulated within [the parties'] tight-knit community." Id.

5

(arguing that if the Court does not seal the docket, defendant should be allowed to proceed anonymously); see also id. at 6 (stating that "the docket and/or complaint should be sealed"). These requests are not interchangeable. To the extent that the parties again seek to seal the docket, the request is denied for the reasons set forth in the Court's April 16 and May 6, 2024 Orders. The instant motion presents no additional information that warrants sealing the entire docket.

The request to seal the complaint is also denied. A complaint is a judicial document that is subject to a strong presumption of public access under both the common law and the First Amendment. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139-143 (2d Cir. 2016). "The fact that a suit is ultimately settled without a judgment on the merits does not impair the 'judicial record' status of pleadings." Id. at 140. Nor does it weaken the presumption of public access. See id. at 140-143 (explaining that a strong presumption of public access attaches to a complaint in an action resolved by settlement). Although the parties emphasize that their sealing request is made on consent, their agreement does not change the Court's analysis. "The parties cannot control by private agreement the public's access to judicial proceedings." Next Caller, 368 F. Supp. 3d at 667.

The parties contend that their privacy concerns weigh against disclosure, but they do not show how sealing the complaint mitigates their concerns. The parties primarily contend that because the complaint contains defendant's unique name, members of the parties' tight-knit community[4] may trace the events in the complaint back to plaintiff, undermining her anonymity in this action. For example, the parties contend—purportedly in support of sealing—that "due to the tight-knit nature of the community the parties are part of, [ ] exposing defendant's name could lead back to identifying the plaintiff." ECF No. 21 at 5. But the parties employ this exact reasoning

---

[4] The parties do not allege any further detail about this community in the instant motion. However, in her complaint, plaintiff alleges that she lives in a "sizeable but tightknit Palestinian community." ECF No. 1 ¶ 56.

6

in support of their request to allow defendant to proceed anonymously: "[I]f the complaint is findable online due to defendant's name being attached to it, it is foreseeable that other members of plaintiff's community may become aware of the allegations and may be able to divine her involvement." Id. at 9.

The parties do not contend that the complaint or any of its contents—other than defendant's name—pose risks to plaintiff's anonymity. Plaintiff "joins in this request to seal the complaint and docket and for anonymity in the alternative as she and her counsel feel it reduces the risk of these events being traced back to her," but plaintiff does not state how sealing the complaint is more effective at reducing this risk than removing defendant's full name from the pleadings. Id. at 10. As such, the parties do not establish that sealing the complaint is necessary to protect their privacy interests. Those interests may be addressed by more narrowly tailored relief and are outweighed by the strong presumption of public access to the complaint.

### III. Defendant's request to proceed anonymously

The Federal Rules of Civil Procedure require that pleadings name all the parties. Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-189 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule." United States v. Pilcher, 950 F.3d 39, 45 (2d Cir. 2020); see also Rapp v. Fowler, 537 F. Supp. 3d 521, 526 (S.D.N.Y. 2011) ("Federal court proceedings and records presumptively are public absent a showing of exceptional circumstances.").

To determine whether a party should be allowed to proceed anonymously, courts must balance the party's "interest in anonymity" against "both (a) the public interest in disclosure and

7

(b) the potential prejudice to [the opposing party]." Sealed Plaintiff, 537 F.3d at 186-187. The Second Circuit has set forth a non-exhaustive list of ten factors relevant to this determination:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 189-190 (quotation marks and citations omitted). "District courts have discretion to grant an exception to Rule 10(a) only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally embedded presumption of openness in judicial proceedings.'" Rapp, 537 F. Supp. 3d 521 at 526-27 (quoting Sealed Plaintiff, 537 F.3d at 189). Courts need not consider all ten factors or "use any particular formation," as long as the Court "balance[s] the interests at stake in reaching its conclusion." Sealed Plaintiff, 537 F.3d at 191 n.4.

The Sealed Plaintiff factors weigh in favor of permitting defendant to proceed anonymously here. As both parties seek defendant's anonymity, there is no prejudice to an opposing party. Moreover, the parties have identified privacy interests that outweigh the presumption of public access. This case involves sensitive, personal matters. Plaintiff brought this case to vindicate a privacy right pursuant to Section 1309 of the Violence Against Women Reauthorization Act of 2022, 15 U.S.C. § 6851, the "very purpose" of which is to "protect against

8

one's intimate matters being publicized." Doe Williams v. Williams, No. 24-CV-165, 2024 WL 2805642, at *5 (S.D. Miss. May 31, 2024). Although the statute only explicitly authorizes the preservation of plaintiff's anonymity, 15 U.S.C. § 6851(b)(3)(B), and plaintiff has already been granted leave to proceed anonymously, the parties argue that defendant's anonymity is necessary to ensure that the allegations are not traced back to plaintiff given the parties' "tight-knit community." Plaintiff's own request to proceed anonymously alleged that news of defendant's conduct subjected her to physical abuse from her husband's family and that fear of news of the events spreading further within her community led her to contemplate suicide. ECF No. 2-2 ¶¶ 10, 22. As such, identifying defendant poses a risk of further harm to plaintiff.

Defendant also states that he continues to suffer "mental harm by virtue of his name being attached to the complaint" because he is a young man "just starting out to establish a career," and that a Google search of his "unique" name brings up this action as a top result. ECF No. 21 at 9-10. Although defendant provides no other evidence of harm to his reputation, under the circumstances of this case, the Court finds that "the chance he would suffer reputational harm is significant." Doe v. Doe, No. 20-CV-5329, 2020 WL 6900002, at *3 (E.D.N.Y. Nov. 24, 2020) (granting defendant leave to proceed anonymously due to, *inter alia*, risk of reputational harm where defendant was "accused of meeting plaintiff through a website that caters to potential 'sugar dadd[ies],'" paying plaintiff for sex, transmitting sexually transmitted diseases to her, and sexually assaulting her). Plaintiff's allegations that defendant captured intimate images of her without her knowledge or consent and then distributed those images to third parties, including a teenage girl, "carry with them the clear potential for reputational harm." Id. (noting that Courts have recognized the "obvious reputational harm to a defendant who is accused of downloading pornography").

This action is between private parties who are not public figures, and thus the public's interest in the litigation is not furthered by disclosing defendant's identity. See id. ("[T]here is no special or heightened interest in the identities of parties who are not public figures."). Finally, although defendant's name has already appeared on the docket, this case has settled at an early stage in litigation and defendant's name has not "otherwise been associated with these allegations in the public media, as far as the court is aware." Id. As such, the Court finds that both plaintiff and defendant's privacy interests outweigh the public's interest in disclosure of defendant's identity, and defendant's motion to proceed anonymously is granted.[5]

## CONCLUSION

The two young people involved in this action both want to put this incident behind them. Nonetheless, this case was filed in federal Court and is subject to the presumption of public access to judicial proceedings. The parties' privacy concerns, while sympathetic, are insufficient to warrant sealing of the docket and the complaint. Defendant's anonymity accomplishes the parties' goal of ensuring that the "docket and complaint cannot be located by friends, families, and employers." ECF No. 21 at 12.

The Clerk of Court is respectfully directed to amend the caption as set forth above and to redact defendant's name to only his initials from the text of the docket entries in this action and from the Court's September 13, 2023 Order at ECF No. 13.

Defendant's full name also appears within numerous documents filed by the parties in this action. See, e.g., ECF Nos. 1, 2, 5, 7, 9. By July 12, 2024, the parties shall redact defendant's name from their filings wherever his name appears, and shall email the redacted versions of the filings to my chambers at Bloom_Chambers@nyed.uscourts.gov. Once the redacted documents are

---

[5] Defendant's request to file an affidavit in support of his motion to proceed anonymously is denied as unnecessary. ECF No. 21 at 4.

received, I direct the Clerk of Court to seal the original filings containing defendant's name and to publicly file the redacted versions.

SO ORDERED.

                                                                        /S/
                                                       LOIS BLOOM
                                                       United States Magistrate Judge

Dated: June 26, 2024
       Brooklyn, New York

Case 1:23-cv-05441-ARR-LB Document 43 Filed 06/26/24 Page 11 of 11 PageID #: 298