UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
T.K.,

                                Plaintiff,

    -against-

K.N.,

                                Defendant.
----------------------------------------------------------------X

**ORDER**
**23 CV 5441 (ARR)(LB)**

**BLOOM, United States Magistrate Judge:**

      Defendant K.N. moves for a fourth time to seal the entire docket in this case. ECF No. 25; see also ECF Nos. 17-19. The Court denied each of the previous motions but granted defendant's alternative motion to proceed anonymously. ECF No. 24. The Court also ordered the parties to redact defendant's name from all filings on which it appeared and directed the Clerk of Court to seal the original filings containing defendant's name and publicly file the redacted versions. Id. at 10-11.[1]

      Defendant's counsel states that this relief did not have the intended effect of "prevent[ing] the parties from suffering reputational harm" because "[a]n internet search of defendant's name still pulls up three very popular court monitoring sites – Justia.com, PacerMonitor.com, and CourtListener.com – that reveal defendant's full name." ECF No. 26, ¶¶ 6, 11. Defendant's counsel states that he has "reached out to the respective sites to ask them to stop monitoring the case and/or take down the links that produce the full name of [his] client, but [he has] not gotten a response." Id. ¶ 12. Counsel alleges that as a result, defendant has "been denied jobs he was qualified for at the last stage of the hiring process" and "cannot surmise any other reason for him not being hired" other than his prospective employers finding records of this case. Id. ¶ 7.

---

[1] The Clerk of Court is respectfully directed to seal ECF Nos. 20-5 and 20-6, which defendant did not fully redact. These documents are duplicate copies of ECF No. 20-7, which is properly redacted.

Defendant's motion is denied for substantially the same reasons set forth in the Court's April 16, May 6, and June 26, 2024 Orders. As stated in the Court's June 26, 2024 Order, the Court remains sensitive to the parties' "compelling privacy concerns," but defendant's "instant motion presents no additional information that warrants sealing the entire docket." ECF No. 24 at 5-6.

> [S]ealing an entire case is a drastic measure reached only as a "last resort," such as "when sealing is 'required by statute or rule or justified by a showing of extraordinary circumstances and the absence of narrower feasible and effective alternatives[.]'" Doe v. Berg, No. 15-CV-9787, 2016 WL 11597923, at *1 (S.D.N.Y. Feb. 10, 2016) (quoting In re Platinum & Palladium Commodities Litig., 828 F. Supp. 2d 602, 603-04 (S.D.N.Y. 2011) and Century Indem. Co. v. Equitas Ins. Ltd., No. 11-CV-1034, 2011 WL 4526672, at *2 (S.D.N.Y. Sept. 27, 2011)). As sealing a docket triggers First Amendment scrutiny, the Court must make "specific, rigorous findings that sealing the entire case is 'necessary to preserve higher values' and 'narrowly tailored' to protect this interest." Next Caller Inc. v. Martire, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (quoting Newsday LLC v. County of Nassau, 730 F.3d 156, 165 (2d Cir. 2013)).

Id. at 5. The Court already considered defendant's allegation that "a Google search of his 'unique and identifiable name' 'pulls up only items referring to this action'" and found that this did not present "extraordinary circumstances" justifying sealing the docket. Id. at 5, 5 n.3 (quoting ECF No. 17 at 2). Defendant's allegations regarding third-party court-monitoring websites are no different.

Moreover, defendant does not allege that sealing the docket would cause the court-monitoring websites to remove defendant's name from their pages. Rather, once information is publicly disclosed on the internet, "it necessarily remains public." Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 n. 11 (2d Cir. 2004); see also Allen v. Chanel, Inc., No. 12-CV-6758 (LAP), 2020 WL 7711179, at *4 (S.D.N.Y. Dec. 29, 2020) (vacating order directing third-party websites to remove filings from then-sealed docket); Ghadersohi v. Health Rsch., Inc., No. 10-CV-144S (Sc), 2014 WL 1513916, at *2 (W.D.N.Y. Apr. 16, 2014) (denying motion to seal docket where plaintiff asserted that he was unable to find

employment because court-monitoring websites published information about his case); Decastro v. Kavadia, No. 12-CV-1386 (JMF), 2024 WL 1350611, at *1 (S.D.N.Y. Feb. 23, 2024) (denying motion to seal docket where plaintiff alleged that posts on legal databases such as Justia were "damaging [his] name," "because the proverbial cat is well out of the bag").

Court-monitoring websites may choose to remove defendant's name from their pages in light of the Court's decision to grant defendant leave to proceed anonymously. However, the Court "simply do[es] not have the power, even were we of the mind to use it," to order third parties to do so. See Gambale, 377 F.3d at 144. As this is defendant's fourth request for this relief, no further request shall be considered. This case is closed.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: October 10, 2024
       Brooklyn, New York

3